People v Rivera (2025 NY Slip Op 05314)

People v Rivera

2025 NY Slip Op 05314

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Ind No. 634/20|Appeal No. 4830|Case No. 2023-01916|

[*1]The People of the State of New York, Respondent,
v
Isaiah Rivera, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered March 14, 2023, convicting defendant, upon his plea of guilty, of assault in the third degree, and sentencing him to three years of probation, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant made a valid waiver of the right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US , 140 S Ct 2634 [2020]), which forecloses his claim that his sentence is excessive (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). In any event, we perceive no basis for reducing the sentence.
Defendant's challenge to the legality of condition 7 of his probation requiring him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" under Penal Law § 65.10(1)(2) survives defendant's waiver of the right to appeal and does not require preservation (see People v Alvarez, 233 AD3d at 620). Nonetheless, we reject this challenge on the merits as this condition was reasonably related to defendant's rehabilitation and necessary to ensure that he will lead a law-abiding life, given his admitted use of alcohol and marijuana, association with "negative peers," and gang membership (see Penal Law § 65.10[1], [2]).
Defendant raises constitutional challenges to this condition under the First Amendment and as vague and overbroad violating his due process rights under the Fifth and Fourteenth Amendments. "Defendant's valid waiver of his right to appeal forecloses review of his constitutional challenges to the probation condition . . . [and] the claims are unpreserved" (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025]; see People v Cabrera, 41 NY3d 35, 42-51 [2023]). We also decline to review these challenges in the interest of justice. As an alternative holding, we find them to be unavailing.
Based upon our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434, 435 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025